UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-098 |
| STEVE A. CASTON | SECTION "R" |

### ORDER AND REASONS

Before the Court is the government's motion in limine to preclude the defendant, his counsel, or any defense witness from making any references to any unrelated federal and/or state criminal indictments or investigations involving the New Orleans Police Department.  Defendant does not oppose the motion. Because none of the NOPD officers involved in the Danzinger Bridge shooting, the Henry Glover death or the Raymond Robair investigation were involved in the investigation or arrest of the defendant or will testify at the defendant's trial, the Court holds that evidence of these unrelated federal and/or state criminal indictments or investigations are not relevant to this case.  Further, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  Therefore, the Court GRANTS the government's motion.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On July 29, 2010, a federal grand jury returned a second superseding four-count indictment against Steve A. Caston.

Caston is charged with conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base and quantities of cocaine hydrochloride (Count 1), possession with intent to distribute a quantity of cocaine hydrochloride (Count 2), felon in possession of a firearm (Count 3), and possession of a firearm in furtherance of a drug trafficking crime (Count 4). Caston pleaded not guilty and his trial is scheduled for October 18, 2010.

The government moves to preclude the defendant, his counsel, or any defense witness from making any references to any unrelated federal and/or state criminal indictments or investigations involving the NOPD, including but not limited to the Danzinger Bridge shooting, the Henry Glover death and the Raymond Robair investigation.  The government contends that none of the NOPD officers involved in Danzinger Bridge, Glover or Robair has any connection to Caston.  The government further contends that none of the NOPD officers who may testify at the defendant's trial has anything to do with the Danzinger Bridge, Glover or Robair matters.

**II.  DISCUSSION**

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible."  Fed. R. Evid. 402.  Evidence is relevant when the evidence has "any tendency to make the

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  The government argues that evidence about unrelated federal and/or state criminal indictments or investigations involving the NOPD, such as the Danzinger Bridge shooting, is not relevant to this case and will distract the jury from its task of determining Caston's guilt or innocence based solely on the law and the evidence of his guilt. The government contends that the defendant should not be allowed to introduce this evidence because it is not relevant to the essential elements of the charged offenses and could lead to jury confusion or even nullification.

Federal Rule of Evidence 403 permits the Court to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Here, the government argues:

> [E]ven if the allegations of "violence, coverups and other misconduct" by the NOPD in the other matters were deemed to be remotely relevant, which the Government does not concede, the references [should be excluded] under Rule 403 because any possible probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.[1]

---

[1]   R. Doc. 66-1.

The Court holds that evidence of the NOPD's involvement in unrelated federal and/or criminal indictments or investigations, such as the Danzinger Bridge shooting, is inadmissible under Rule 403.  Any evidence of unrelated federal and/or state criminal indictments or investigations involving the NOPD has minimal, if any, relevance to the facts of *this* case.  There is no evidence that any of the NOPD officers involved in the investigation and arrest of Caston or any officers who may testify in this trial were involved in the Danzinger Bridge, Glover or Robair matters.  The Court finds that the probative value of any arguably relevant evidence relating to the NOPD's general involvement in the Danzinger Bridge, Glover or Robair matters given the NOPD's involvement in Caston's investigation and arrest is substantially outweighed by its prejudicial effect.  Admitting evidence regarding the unrelated cases of Danzinger Bridge, Glover or Robair would undoubtedly confuse the issues and mislead the jury.  Accordingly, the government's motion to exclude any reference by defendant, defense counsel or any defense witness to any unrelated federal and/or state criminal indictments or investigations involving the NOPD, such as the Danzinger Bridge shooting, the Henry Glover death and the Raymond Robair investigation, is GRANTED.

**III. CONCLUSIONS**

    For the foregoing reasons, the government's motion in limine is GRANTED.

    New Orleans, Louisiana this __13th__ day of October, 2010.

*Sarah Vance*
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**