UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 09-098

STEVE A. CASTON                             SECTION "R"

## ORDER AND REASONS

On October 7, 2010, the Court granted the request of
defendant, Steve A. Caston, for a hearing to determine whether
Caston is competent to stand trial.  The Court held the hearing
on October 13, 2010.  Upon consideration of the testimony and
other evidence elicited at the hearing, as well as the entirety
of the record, the Court finds by a preponderance of the evidence
that Davis is competent to stand trial.

## I.   BACKGROUND

On July 29, 2010, a federal grand jury returned a second
superseding four-count indictment against Steve A. Caston.
Caston is charged with conspiracy to distribute and possess with
intent to distribute fifty grams or more of cocaine base and
quantities of cocaine hydrochloride (Count 1), possession with
intent to distribute a quantity of cocaine hydrochloride (Count
2), felon in possession of a firearm (Count 3), and possession of
a firearm in furtherance of a drug trafficking crime (Count 4).
Caston pleaded not guilty and his trial was set, after multiple
continuances, for October 13, 2010.  On October 5, 2010, Caston's

newly appointed counsel, Michael Riehlmann, filed a motion for continuance of trial and competency determination.[1]  Defense counsel asserted that he had visited the defendant at St. John the Baptist Parish Jail on three occasions, but had "found it impossible to communicate on any meaningful level."[2]  Defense counsel further asserted:

> [T]he defendant often rambles on incoherently and cannot maintain focus on the topics raised by counsel. Any attempt by counsel to discuss trial strategy has been futile because Mr. Caston will only discuss predecessor counsel's failures and his belief that other inmates are taping his every comment.[3]

The government did not oppose defendant's request for a competency evaluation and hearing.

Based on defense counsel's assertions, the Court determined that there was reasonable cause to believe that Caston was not competent to stand trial.  The Court granted defendant's request for a competency hearing under 18 U.S.C. §§ 4241 and 4247(d). The Court appointed an expert psychiatrist, Dr. Rennie Culver, who conducted a clinical examination of Caston on October 8, 2010.  Dr. Culver prepared a written report that was made available to both parties before the competency hearing took place.

---

[1] R. Doc. 67; R. Doc. 68.

[2]  R. Doc. 68.

[3]  *Id.*

2

The Court conducted the competency hearing on October 13, 2010.  Dr. Culver appeared at the hearing and by stipulation of the parties, his report was admitted into evidence.  Dr. Culver testified that his report reflected the results of his examination and his opinion as to Caston's competency, and that he had nothing to add to the findings in the report.  Defense counsel had no questions for Dr. Culver.  Following the admission of Dr. Culver's testimony and report, the Court briefly questioned Caston on the record.  Based on the foregoing evidence, the Court determines, for the reasons set forth below, that Caston is competent to stand trial.

## II.  DISCUSSION

A defendant is not competent to stand trial if the court finds by a preponedrance of the evidence that he "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(d); *United States v. Doke*, 171 F.3d 240, 247 (5th Cir. 1999).  "[T]he state must prove by a preponderance [of the evidence] that [defendant is] competent to stand trial.  *United States v. Hutson*, 821 F.2d 1015, 1018 (5th Cir. 1987).

Based on his clinical examination of Caston, Dr. Culver opined that Caston was able to understand the nature and consequences of the proceedings against him.  Caston assured Dr. Culver that he understood the charges he is facing, indicating that he was on trial "for a gun, and drugs, too," including being a felon in possession of a firearm and being involved in a drug conspiracy.  Dr. Culver found that Caston understood the consequences of the proceedings, appreciating the gravity of his situation and that he faced substantial time in jail if convicted.  Dr. Culver also determined that Caston understood the functions and officers of the Court, the role of the jury, the pleas he may enter, and was able to explain the meaning of the term "plea bargain."  Dr. Culver found that during his examination, Caston was oriented, his recent and remote memory were intact, and his thought processes were intact.

Dr. Culver further stated that he has no reason to believe that Caston is incapable of assisting counsel as a result of delusional thinking.  In this regard, the relevant inquiry is whether a mental disease or defect deprives the defendant of a "present ability to consult with his lawyer with a reasonable degree of rational understanding." *United States v. Birdsell*, 775 F.2d 645, 648 (5th Cir. 1985) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).  The fear is that "because [the defendant] lacks the ability to communicate effectively with

4

counsel, he may be unable to exercise other rights deemed essential to a fair trial." *Cooper v. Oklahoma*, 517 U.S. 348, 364 (1996) (internal quotation and citation omitted). Dr. Culver stated that Caston expressed beliefs that he had on one occasion at St. John the Baptist Parish jail and on three earlier occasions at Orleans Parish Prison been surreptitiously recorded. Dr. Culver found that even if these beliefs are unfounded, they did not rise to the level of delusions. Dr. Culver pointed out that it was significant that Caston had read the book "Busted by the Feds" and that the notion that he might be recorded may have been suggested by what Caston had read. Dr. Culver also indicated that he had no reason to believe Caston was incapable of assisting counsel as a result of delusional thinking because during his evaluation, Caston did not speak circumstantially or tangentially, and he consistently had tight associations and intact thought processes that were entirely goal-oriented. In addition, Dr. Culver noted that Caston had denied any history of auditory or visual hallucinations. Dr. Culver stated that although Caston expressed dissatisfaction with prior counsel, he spoke more positively of his current counsel.

The Court credits Dr. Culver's findings. Supporting the Court's conclusion as to Caston's competence is the Court's observation that Caston was attentive during the competency

hearing.  When the Court addressed him at the hearing, he answered the Court's questions directly and coherently.

The Court, therefore, finds by a preponderance of the evidence that Caston is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

## III. CONCLUSION

For the foregoing reasons, the Court finds by a preponderance of the evidence that Caston is competent to stand trial.

New Orleans, Louisiana this 13th day of October, 2010.

_Sarah Vance_

**SARAH S. VANCE**

**UNITED STATES DISTRICT JUDGE**