UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 09-98

STEVE A. CASTON                             SECTION: R(3)

**ORDER AND REASONS**

Before the Court is petitioner Steve Caston's motion for reconsideration of the Court's denial of his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255,[1] and his motion for leave to file additional information.[2] For the following reasons, the Court DENIES the motions.

**I.  BACKGROUND**

On April 2, 2009, a grand jury indicted Steve Caston for possessing with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 1); for possessing a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1) (Count 2); and for possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3).[3]

---

[1]  R. Doc. 108.

[2]  R. Doc. 112.

[3]  R. Doc. 3.

After several continuances requested by Caston, on July 29, 2010, a grand jury returned a second superseding indictment, which added a count charging Caston with conspiring to possess with the intent to distribute 50 grams or more of cocaine base ("crack") and quantities of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C).[4] On February 23, 2011, the Court sentenced Caston to 180 months in prison.[5] Caston did not file a timely notice of appeal and on April 3, 2012, the Court denied Caston's motion for an extension of time to file an appeal.[6]

Caston had entered a plea agreement with the Government in which the Government agreed (1) not to file a Bill of Information charging Caston with having a prior felony drug conviction, pursuant to 21 U.S.C. § 851; and (2) that Caston was entitled to a three level reduction under U.S.S.G. § 3E1.1.[7] In exchange, and in addition to his guilty plea, Caston waived his right to appeal his conviction or sentence, except that he reserved the right to bring a direct appeal of any sentence above the statutory maximum. In addition, Caston waived his right to contest his conviction or sentence in any collateral proceeding,

---

[4] R. Doc. 47.

[5] R. Doc. 89.

[6] R. Doc. 97.

[7] *Id.*

including under 28 U.S.C. § 2255, except if he established ineffective assistance of counsel directly affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.[8]

On March 12, 2012, Caston filed a motion to vacate his sentence under 28 U.S.C. § 2255.[9] In his section 2255 motion, Caston argued that (1) he is actually innocent of the counts to which he pleaded guilty; (2) the government failed to prove that it had jurisdiction over the crime; (3) his plea agreement stems from prosecutorial misconduct; (4) 18 U.S.C. 922(g)(1) violates Public Law 99-308, the "Firearms Owners' Protection Act," and (5) his lawyer failed to zealously defend him. On July 31, 2012, the Court denied Caston's motion.[10]

On August 10, 2012, Caston filed a *pro se* "Motion for Reconsideration" of the Court's denial of his motion to vacate under section 2255. In the motion, Caston moves the Court to subpoena a fellow prisoner, Alfred Lee Maudlin, to attest to newly discovered evidence withheld by the government, and to prove that the government perpetrated fraud upon the court. Caston also argues that the Court's denial of his motion to vacate was improper because the Court lacked federal subject

---

[8] *Id.*

[9] R. Doc. 95.

[10] R. Doc. 105.

3

matter jurisdiction. On August 23, 2012, Caston filed a *pro se* "Motion Requesting to Re-Submit Newly Received DEA Records."[11] In this motion, Caston moves the Court to allow submission of "newly received discovery", which he asserts substantiates his section 2255 claims, and he reiterates his claim of ineffective assistance of counsel. The court construes Caston's motions as Rule 59(e) motions to alter or amend a judgement after its entry.

## II.  LEGAL STANDARD

A district court has considerable discretion to grant or deny a motion under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.,* Nos. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). The Fifth Circuit has held that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). To succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or

---

[11]  R. Doc. 112

fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

**II. DISCUSSION**

**A. New Evidence**

A motion for reconsideration may be granted so that a moving party may present newly discovered or previously unavailable evidence. To supplement a post judgment motion to reconsider based on subsequently produced evidence, the movant must show either that the evidence is newly discovered or, if the evidence was available at the time of the court's judgment, that counsel made a diligent yet unsuccessful attempt to discover the evidence. C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2810.1 (1983); *Webber v. Mefford*, 43 F.3d 1340 (10th Cir. 1994). Caston asserts that "newly discovered evidence/records withheld by the government" will substantiate the claims he made in his section 2255 motion. Nevertheless, he fails to produce or describe any of the newly discovered evidence or indicate how the evidence was discovered and why it was unavailable previously. Accordingly, the Court rules that Caston

has failed to justify a grant of his motion to reconsider based on the presentation of new evidence.

**B. Successive Section 2255 Petition**

To the extent that his recent motions make claims challenging his conviction that were or could have been raised in his original section 2255 petition, Caston's motions for reconsideration are successive section 2255 motions. *See Williams v. Thaler*, 602 F.3d 291, 302-05 (5th Cir. 2010) (holding that a Rule 59(e) motion may be construed as a second or successive habeas petition when it seeks to add a new ground for relief); *United States v. Anderson*, No. 95-040, 1998 WL 512991, at *1-2 (E.D. La. Aug. 14, 1998) (construing Rule 59(e) motion as a second section 2255 motion when petitioner raised issues that could have been raised in the original petition but were not). A petition is successive when it "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

A district court cannot exercise jurisdiction over a second or successive section 2255 petition without authorization of the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a

second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Caston has not complied with this requirement; therefore, the Court dismisses the new arguments raised in his motion for failure to receive certification from the Fifth Circuit.

## C. Waiver of Appeal Rights

Finally, as discussed in the Court's denial of his section 2255 motion, Caston has waived his right to present the arguments raised in his section 2255 motion and his motions for reconsideration. Generally, a defendant may waive his statutory right to appeal as part of a plea agreement. *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). A defendant may also waive post-conviction relief, such as under 28 U.S.C. § 2255, and the waiver is valid if it is informed and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Here, Caston's signed plea agreement contains an express waiver of his right to appeal and to contest his conviction and/or his sentence in any collateral proceeding.[12] Caston's

---

[12] R. Doc. 81 at 3 ("Except as otherwise provided in this paragraph, the defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section

7

motions do not assert that ineffective assistance of counsel directly affected the validity of his waiver of appeal and collateral challenge rights or the validity of his guilty plea. Further, Caston does not challenge the knowing and voluntary nature of his waiver. Accordingly, the Court finds that Caston waived his right to bring the present motions for reconsideration.

## III. CONCLUSION

For the foregoing reasons, the Court DISMISSES Caston's motions.

New Orleans, Louisiana, this 8th day of November, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

3742. The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Subject to the foregoing, the defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.").