UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                            NO: 09-098

STEVE A. CASTON                                   SECTION: R(3)

**ORDER AND REASONS**

    Steve Caston submitted a motion to vacate his sentence pursuant to Title 28 U.S.C. § 2255. Caston asserts that the new Fair Sentencing Act (FSA), which Congress enacted on August 3, 2010, applies to his case and that his sentence to the pre-FSA mandatory minimum term of 120 months for possession with intent to distribute 50 grams or more of crack should be vacated.[1] The government agrees that the FSA applies and that Caston should be resentenced in accordance with the FSA.[2] Because the Court finds that Caston should be sentenced under the FSA, the Court GRANTS the motion to vacate and ORDERS that a resentencing hearing be scheduled for **September 4, 2013, at 9:30 a.m.**

**I. BACKGROUND**

    On July 29, 2010, the defendant was named in a four-count Second Superseding Indictment charging him with conspiracy to

---

[1] R. Doc. 125.

[2] R. Doc. 128.

distribute and possess with the intent to distribute 50 grams of crack and a quantity of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(b)(1)(A), 846; possessing with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 942(a)(2); and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).[3] Caston pleaded guilty as charged on October 13, 2010.[4] The factual basis indicated that Caston conspired with others to distribute a net weight of 50.9 grams of crack.[5] On February 23, 2011, the Court sentenced Mr. Caston to to 180 months.[6] This term consisted of 120 months as to each of Counts 1, 2 and 3 of the Second Superseding Indictment, to run concurrently, and 60 months as to Count 4 of the Second Superseding Indictment to run consecutively to each of the terms imposed in Counts 1, 2 and 3 of the Second Superseding Indictment.

---

[3] R. Doc. 47.

[4] R. Doc. 78.

[5] R. Doc. 80.

[6] R. Doc. 89.

**II. LEGAL STANDARD**

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of habeas corpus, see 28 U.S.C. §§ 2241, 2254, only a narrow set of claims is cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion. "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief,

the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the Court must determine whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings*, Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir.2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir.1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. See *Wright v. United States*, 624 F.2d 557, 558 (5th Cir.1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke*, 350 F.3d 461, 472 (5th Cir.2003). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or

4

influence" in determining the outcome of the case. *Brecht v. Abrahmson*, 507 U.S. 619, 637 (1993); see also *United States v. Chavez*, 193 F.3d 375, 379 (5th Cir.1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**III. DISCUSSION**

On August 3, 2010, Congress enacted the Fair Sentencing Act, which increased the amount of crack that triggers the 5-year mandatory minimum sentence from 5 grams to 28 grams and increased the amount of crack that triggers the 10-year mandatory minimum sentence from 50 grams to 280 grams. 21 U.S.C.A. § 841. On October 19, 2011, in *United States v. Tickles*, 661 F.3d 212, 215 (5th Cir. 2011), the Fifth Circuit held that "the penalties prescribed by the FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's enactment." The *Tickles* decision was abrogated on June 21, 2012, when the Supreme Court held in *Dorsey v. United States*, ___ U.S.___, 132 S. Ct. 2321 (2012), that the FSA's new, more lenient mandatory minimum sentencing provisions apply to defendants sentenced after August

3, 2010, including defendants whose conduct occurred prior to the FSA's enactment.

Caston qualifies for relief pursuant to the Supreme Court's decision in *Dorsey*. His offense conduct occurred between January 1, 2006 to January 23, 2009, before the effective date of the FSA, but, he was sentenced on November February 23, 2011, after its enactment, and the Court applied the old, pre-FSA mandatory minimum.[7]

## IV. CONCLUSION

For the forgoing reasons, the Court GRANTS Caston's motion and schedules a resentencing hearing for **September 4, 2013, at 9:30 a.m.**

New Orleans, Louisiana, this ___30th___ day of July, 2013.

  _____
  **SARAH S. VANCE**
  **UNITED STATES DISTRICT JUDGE**

---

[7] R. Doc. 89.